**F I L E D**

UNITED STATES COURT OF APPEALS

**February 1, 2006**

TENTH CIRCUIT

**Elisabeth A. Shumaker**
**Clerk of Court**

VICTOR ALLEN WHITE,

　　　Plaintiff-Appellant,

v.

JENNIFER HENDRIX, Lyon County
Attorney; and MARC GOODMAN,
"Head" Lyon County Attorney, in their
official capacities,

　　　Defendants-Appellees.

No. 05-3407
(D.C. No. 05-CV-3044-SAC)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **LUCERO**, and **McKAY**, Circuit Judges.

Victor White, a state prisoner, appeals the dismissal of his 42 U.S.C.

§ 1983 claim against Jennifer Hendrix and Marc Goodman, both Lyon County,

Kansas prosecutors. Because Hendrix and Goodman are protected by

prosecutorial immunity, we **AFFIRM**.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

White claims that Hendrix filed drug charges against him despite knowing that some of the factual evidence presented at trial was false. He also complains that Goodman failed to investigate Hendrix after being informed of Hendrix's alleged misconduct.

We review a district court's dismissal on grounds of prosecutorial immunity de novo. Arnold v. McClain, 926 F.2d 963, 966 (10th Cir. 1991). Prosecutors enjoy absolute immunity to liability under § 1983 for actions "within the scope of their prosecutorial duties." Id. Acknowledging this bar to his suit, White claims that Hendrix's actions in presenting this false testimony were not "intimately associated with the judicial process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This argument has no merit. The Supreme Court stated clearly that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Id. at 431. The district court did not err in finding Hendrix was entitled to prosecutorial immunity.

Goodman is also immune from suit. When a prosecutor is performing an investigative function, he is protected by qualified immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 276 (1993). To determine if a public official is protected from litigation by qualified immunity, we ask whether a plaintiff's allegations amount to a constitutional violation and if so, whether a defendant's actions violate "clearly established statutory or constitutional rights." Hope v.

<u>Pelzer</u>, 536 U.S. 730, 736 (2002).  White argues that his due process rights were violated by Goodman's failure to investigate.  White does not have a due process right to an investigation of Hendrix's alleged misconduct.  <u>See</u> <u>DeShaney v. Winnebago County Dep't of Soc. Serv.</u>, 489 U.S. 189, 195-97 (1989) (holding that Due Process Clause generally does not impose an affirmative duty on states to aid or protect citizens).

Because both Goodman and Hendrix are immune from suit, the district court did not err in dismissing the suit on this basis, and we **AFFIRM**.  White is reminded of his duty to continue making partial payments until the balance of his appellate filing fee is paid.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge